UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ANSELMO L. NOGUEIRA,                    )
                                         )  No. CV-05-0236-CI
            Plaintiff,                   )
                                         )  ORDER GRANTING PLAINTIFF'S
v.                                       )  MOTION FOR SUMMARY JUDGMENT
                                         )  AND REMANDING FOR AN IMMEDIATE
JO ANNE B. BARNHART,                    )  AWARD OF BENEFITS
Commissioner of Social                   )
Security,                                )
                                         )
            Defendant.                   )
                                         )

    BEFORE THE COURT are cross-Motions for Summary Judgment (Ct.
Rec. 12, 15) submitted for disposition without oral argument on
February 13, 2006.  Attorney Maureen Rosette represents Plaintiff;
Special Assistant United States Attorney David M. Blume represents
Defendant.   The parties have consented to proceed before a
magistrate judge.  (Ct. Rec. 7.)  After reviewing the administrative
record and the briefs filed by the parties, the court **GRANTS**
Plaintiff's Motion for Summary Judgment and remands for an immediate
award of benefits.

    Plaintiff, 51-years-old at the time of the administrative
decision, protectively filed applications for Social Security
disability and Supplemental Security Income (SSI) benefits in June
2002, alleging disability as of September 13, 2001, due to mental
and physical impairments.  (Tr. at 66-68, 582-590.)  Plaintiff

previously filed an application for benefits, which was denied in September 1988, a decision that was not appealed.  (Tr. at 15.) Plaintiff had a Brazilian high-school education, some college, and certification as a gemologist.  (Tr. at 610.)  Past relevant work included jewelry seller, mortgage broker, furniture seller, grocery bagger, and factory producer.  Following a denial of benefits at the initial stage and on reconsideration, two administrative hearings were held before Administrative Law Judge Paul Gaughen (ALJ).  The ALJ denied benefits; review was denied by the Appeals Council. This appeal followed.  Jurisdiction is appropriate pursuant to 42 U.S.C. § 405(g).

## ADMINISTRATIVE DECISION

The ALJ concluded Plaintiff was insured for disability benefits through June 30, 2002, and had not engaged in substantial gainful activity.  (Tr. at 22.)  Plaintiff suffered from severe anxiety, but the condition was not found to meet the Listings.  The ALJ rejected Plaintiff's testimony as not fully credible.  The ALJ concluded Plaintiff had no exertional limitations but his anxiety would affect his ability to interact with the public and accept criticism from supervisors.  Plaintiff was found to retain the residual capacity to perform his past relevant work.  The ALJ concluded Plaintiff was not disabled.

## ISSUES

The question presented is whether there was substantial evidence to support the ALJ's decision denying benefits and, if so, whether that decision was based on proper legal standards. Plaintiff contends the ALJ improperly relied on the testimony of the consulting expert rather than the treating or examining physicians.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR AN IMMEDIATE AWARD OF BENEFITS - 2

## STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Comm'r of Soc. Sec. Admin.* 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

## SEQUENTIAL PROCESS

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR AN IMMEDIATE AWARD OF BENEFITS - 3

In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

**ANALYSIS**

Plaintiff asserts the ALJ improperly relied on the testimony of the consulting physician, Dr. Ronald Klein, Ph.D., rather than the opinions of the treating and examining physicians. The treating and examining physicians concluded Plaintiff was disabled due to anxiety with multiple moderate limitations which would preclude employment. Moreover, Plaintiff notes DDS physicians also concluded Plaintiff would have several moderate limitations. Plaintiff contends the ALJ failed to include those limitations in his residual functional capacity assessment. Defendant responds the ALJ correctly relied on the opinion of Dr. Klein because it was consistent with other evidence in the record, including the findings of treating psychologist, Scott Mabee, Ph.D., evidence of malingering, and daily activities, which included reading for hours in a public library.

The ALJ noted in his opinion his reasons for relying on Dr. Klein's conclusions:

The undersigned relied on the medical expert, Dr. Klein, to reconcile the various medical opinions. Dr. Klein was able to review all the medical reports and offer his opinion as to the claimant's level of impairments based on the totality of the entire record. The other doctors were only able to observe the claimant's behavior in their office. Dr. Klein testified that the claimant had an anxiety disorder, but he was still able to function quite well. He noted that the claimant consistently exaggerated his symptoms in order to get sympathy and have others take

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR AN IMMEDIATE AWARD OF BENEFITS - 4

care of him.  Dr. Klein also noted that the claimant
showed passive aggressive behavior.  Dr. Klein opined that
based on the medical records, there was no reason why the
claimant couldn't do substantial gainful activity.  The
undersigned finds Dr. Klein's testimony persuasive and
concurs.

(Tr. at 21-22.)

With respect to the medical opinions offered by those
professionals who examined or treated Plaintiff, the ALJ noted:

The undersigned finds that the diagnoses of mental
impairments and ascribed functional limitations in the
medical reports are not all consistent. Dr. Mabee was the
claimant's treating physician and he found that the
claimant only had mild to moderate symptoms.  Dr. Moulton
found the claimant was only mildly depressed and anxious.
Dr. Forsyth found that the claimant had moderate
depression and anxiety and could not work.  However, Dr.
Forsyth's exam was done for Department of Social and
Health Services.  The rules applicable to public
assistance claims differ from those applicable to Social
Security disability.  The fact that the examining
physicians are not treating physicians also affects the
weight accorded the opinion, and the weight of a non-
treating physician is further reduced when it is obtained
solely to aid a claimant in obtaining benefits.  Dr.
Rosekrans's reports appear to contain inconsistencies.
Dr. Rosekrans found that the claimant was mentally intact
and exaggerating his symptoms, but then assigned the
claimant low GAF scores and opined that he couldn't work.
This inconsistency renders his opinions less persuasive.
Ms. O'Dell and Mr. Patterson provided counseling for the
claimant, but they are not doctors and their opinions are
accordingly given less weight.  In addition, they
apparently relied quite heavily on the subjective reports
of symptoms and limitations provided by the claimant, and
seemed to uncritically accept as true most, if not all, of
what the claimant reported.  Yet, as explained elsewhere
in this decision, there exists good reasons for
questioning the reliability of the claimant's subjective
complaints.

The conclusions reached by the physicians employed by the
State Disability Determination Services, Dr. Beaty and Dr.
Brown, support a finding of "not disabled."  Although
those physicians were non-examining, and therefore their
opinions do not as a general matter deserve as much weight
as those of examining or treating physicians, those
opinions do deserve some weight, particularly in a case
like this in which there exists inconsistencies in the
other medical reports.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR AN IMMEDIATE AWARD OF BENEFITS - 5

(Tr. at 21, references to footnote, citations, and exhibits omitted.)

The opinion of a non-examining physician may be accepted as substantial evidence if it is supported by other evidence in the record and is consistent with it. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician. *Lester*, at 831, citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990). Cases have upheld rejection of an examining or treating physician based in part on the testimony of a non-examining medical advisor; but those opinions have also included reasons to reject the opinions of examining and treating physicians that were independent of the non-examining doctor's opinion. *Lester*, at 831, citing *Magallanes v. Bowen,* 881 F.2d 747, 751-55 (9th Cir. 1989) (reliance on laboratory test results, contrary reports from examining physicians and testimony from claimant that conflicted with treating physician's opinion); *Andrews*, 53 F.3d at 1043 (conflict with opinions of five non-examining mental health professionals, testimony of claimant and medical reports); *Roberts v. Shalala*, 66 F.3d 179 (9th Cir 1995) (rejection of examining psychologist's functional assessment which conflicted with his own written report and test results). Thus, case law requires not only an opinion from the consulting physician but also substantial evidence (more than a mere scintilla, but less than a preponderance), independent of that opinion which supports the rejection of contrary conclusions by examining or treating

physicians. *Andrews*, 53 F.3d at 1039.

The medical record is voluminous and reflects ongoing mental health treatment on a weekly basis following an exacerbation of Plaintiff's condition after the terrorist attacks on September 11, 2001, in New York City. Plaintiff received treatment (medication, psychiatric consults, and counseling) for panic attacks with and without agoraphobia, depression, and anxiety through the free clinic in Spokane. (Tr. at 150, 155, 236, 245, 273-318.) Thus, the ALJ's conclusion Plaintiff suffered only from severe anxiety is not supported by the record. Records indicate the mental problems first surfaced during Plaintiff's teen years and lit up when Plaintiff was under personal stress, including the attack on the World Trade Center, familial and marital difficulties involving two divorces and his permanent estrangement from the children of his marriages, the death of his Brazilian mother whom he had not seen for 15 years, and the lack of any familial support system in this country. Plaintiff consistently expressed embarrassment and shame for being unable to provide for himself after a successful employment history as a gemologist during his early adulthood and the fact he required treatment. (Tr. at 147, 178, 185, 283, 461.)

His condition between 2001 and 2005 has waxed and waned depending on the stress factors in his life. At times, Plaintiff was able to attend classes at the community college, unsuccessfully attempted work, discussed philosophical concepts with his treating providers, or read poetry at a college library. (Tr. at 147, 180, 189, 396.) At other times, he was unable to leave his apartment for days, suffered from excessive fatigue, pressured speech, and frequent hyperventilating, was unable to communicate without tears,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR AN IMMEDIATE AWARD OF BENEFITS - 7

and complained of being stalked and a victim of domestic abuse. (Tr. at 185, 191, 198, 199, 270, 302, 511, 575.)  His condition improved for a short time during the spring and summer of 2002, but deteriorated again in August and September and continued to do so through 2005.  (Tr. at 569, 575.)  Although his global assessment of functioning (GAF) scores ranged from 40 to 65, the greater number of scores occurred in the 40s and 50s, indicative of serious and moderate limitations.  DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, FOURTH EDITION (DSM-IV), at 32 (1995). (Tr. at 181, 275, 318, 372, 396, 418, 450, 491, 499, 569, 557.)  Some of those scores were assessed by mental health professionals rather than medical doctors; nonetheless, they are an acceptable source of evidence of functional limitations, particularly in view of the fact that was the only mental health treatment available to Plaintiff because of his financial condition.  20 C.F.R. § 404.1513(d)(1).  Contrary to Dr. Klein's finding of malingering, the test administered to detect malingering indicated good effort.  (Tr. at 398.)  Both Dr. Forsyth in April 2002 and Dr. Rosekrans in April 2004 found Plaintiff to be disabled.  (Tr. at 147, 400.)  Although the ALJ rejected Dr. Forsyth's opinion because it was prepared for state welfare purposes, the Ninth Circuit has held the purpose for which medical reports are obtained does not provide a legitimate basis for rejecting them.  *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1996). Additionally, there is no inconsistency in Dr. Rosekrans' conclusion Plaintiff was unable to work, because the exaggerated scores were not indicative of malingering, but a cry for help.  (Tr. at 395.)

    As to Dr. Mabee's reports, he assessed Plaintiff with mild limitations in January, April, May, and June 2002, but noted

moderate limitations (GAF 50, 55) on June 21, 2002 (GAF 50), August 1, 2002 (GAF 55), and September 19, 2002.  These assessments were consistent with limitations noted by Plaintiff's counselors who were treating him at this time.  Dr. Forsyth in April 2002 noted moderate, marked and severe limitations.  (Tr. at 147-152.)  In October 2002, consultant Dr. Edward Beaty noted moderate limitations and continuing difficulties even with medication.  (Tr. at 169, 171.)

The court concludes the ALJ erroneously relied on the opinion of Dr. Klein and did not provide sufficiently specific reasons supported by the record to reject the opinions of the treating and examining physicians.  Thus, those opinions must be credited as a matter of law.  *Lester*, 81 F.3d at 834. When a hypothetical was posed to the vocational expert describing the limitations noted by Drs. Forsyth and Rosekrans, the vocational expert testified Plaintiff would be disabled.  (Tr. at 677, 678.)  No factual issue remains and a remand would only unnecessarily delay an award of benefits.  Accordingly,

**IT IS ORDERED:**

1.  Plaintiff's Motion for Summary Judgment **(Ct. Rec. 12)** is **GRANTED;** the captioned matter is **REMANDED** for an immediate award of benefits based on the alleged onset date of September 13, 2001.

2.  Defendant's Motion for Summary Judgment dismissal **(Ct. Rec. 15)** is **DENIED.**

3.  Any application for attorney fees shall be submitted by separate motion.

4.  The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR AN IMMEDIATE AWARD OF BENEFITS - 9

1 The file shall be **CLOSED** and judgment entered for Plaintiff.

2     DATED February 16, 2006.

3

4                 S/ CYNTHIA IMBROGNO
             UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR AN IMMEDIATE AWARD OF BENEFITS - 10